IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **Juana Almeida Guerrero and** § | |
| **Juan Pedro Zuñiga Galvan,** § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| vs. § | **CIVIL ACTION NO. 5:19-cv-1476** |
| § | |
| **BC-Pat Booker, Inc. (dba Tia's Taco** § | |
| **Hut), BC & LC Investments, Inc. (dba** § | |
| **Tia's Taco Hut), Tia's Taco Hut Inc.** § | |
| **(dba Tia's Taco Hut)** § | |
| **Castellan Corporation** § | |
| **(dba Tia's Taco Hut), and** § | |
| **Julio C. Castellanos,** § | |
| § | |
| *Defendants*. § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Juana Almeida Guerrero and Juan Pedro Zuñiga Galvan, Plaintiffs, complain of and against BC-Pat Booker, Inc., BC & LC Investments, Inc., Tia's Taco Hut Inc., Castellan Corporation, and Julio Cesar Castellanos, Defendants, and for cause of action, show:

### I.     INTRODUCTION

1.      This is an action for unpaid wages brought under the Fair Labor Standards Act (hereinafter "FLSA") 29 U.S.C. § 201 et seq. This action is brought by non-exempt food-service workers who were employed by Defendants at a restaurant known as Tia's Taco Hut, located at 405 Pat Booker Road, Universal City, Texas 78148 (the "Tia's Taco Hut-Pat Booker Location"). Defendants failed to pay Plaintiffs the required overtime pay when Plaintiffs worked in excess of forty hours per workweek. Accordingly, Plaintiffs seek unpaid overtime compensation, liquidated damages, costs of court, and attorney's fees pursuant to 29 U.S.C. § 216(b). Defendants sold the

## II.     JURISDICTION AND VENUE

2. Plaintiffs bring this case to recover unpaid overtime compensation under 29 U.S.C. § 201, *et seq*. As such, this Court has jurisdiction over Plaintiffs' FLSA claim pursuant to the following:

   a. 28 U.S.C. § 1331 (Federal Question);

   b. 28 U.S.C. § 1337 (Interstate Commerce); and

   c. 29 U.S.C. § 216(b) (FLSA).

3. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2) and 29 U.S.C. § 216(b) because Defendants' principal places of business are in Bexar County, Texas, and all or a substantial part of the acts or omissions giving rise to Plaintiffs' cause of action occurred in or around Bexar County, Texas.

## III.     PARTIES

4. Plaintiff Juana Almeida Guerrero is an individual who worked for Defendants and resides in Bexar County, Texas.

5. Plaintiff Juan Pedro Zuñiga Galvan is an individual who worked for Defendants and resides in Bexar County, Texas.

6. Defendant BC-Pat Booker, Inc. is a Texas company whose principal place of business is in San Antonio, Texas and may be served with process by serving its registered agent Alicia Lozano at 405 Pat Booker Road, Universal City, Texas 78148.

7. Defendant BC & LC Investments, Inc. is a Texas company whose principal place of business is in San Antonio, Texas and may be served with process by serving its registered agent Alicia Lozano at 6820 Huebner Road, San Antonio, Texas 78238.

8. Defendant Tia's Taco Hut Inc. is a Texas company whose principal place of business is in San Antonio, Texas and may be served with process by serving its registered agent Alicia Lozano at 479 Spencer Lane, San Antonio, Texas 78201.

9. Defendant Castellan Corporation is a Texas company whose principal place of business is in San Antonio, Texas and may be served with process by serving its registered agent Julio Castellanos at 5803 Joiner #46, San Antonio, Texas 78238.

10. Defendant Julio Cesar Castellanos is an individual who may be served with process at his principal place of business, 1439 Roosevelt Avenue, San Antonio, Texas 78210.

## IV.   FACTUAL ALLEGATIONS

### FLSA COVERAGE, EMPLOYEE AND EMPLOYER STATUS, AND SUCCESSOR LIABILITY

11. Plaintiffs Juana Almeida Guerrero and Juan Pedro Zuñiga Galvan were each employed as kitchen workers at the Tia's Taco Hut-Pat Booker Location from approximately October 2018 through May 2019.

12. At all relevant times, each of the Plaintiffs was an "employee" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

13. Plaintiffs' job duties consisted of routine kitchen work, including food preparation, dishwashing, and other related activities.

14. Plaintiffs were supervised by and received instructions from managers on a daily basis.

15. At all relevant times, Plaintiffs have been employed in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, the Tia's Taco Hut-Pat Booker Location has had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in

or produced for commerce by any person, including produce and other food products, cooking eating utensils, and cleaning materials and equipment.

17. At all relevant times, the Tia's Taco Hut-Pat Booker Location has had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

18. At all relevant times, the Tia's Taco Hut-Pat Booker Location, together with other restaurants operated under a unified operation or common control, collectively have had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

19. During at least some of the relevant time period, Defendant BC Pat-Booker, Inc. was an employer of the Plaintiffs, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. During at least some of the relevant time period, Defendant BC & LC Investments, Inc. was an employer of each of the Plaintiffs, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. Defendant Castellan Corporation was an employer of each of the Plaintiffs, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), from the time that Castellan Corporation acquired the Tia's Taco Hut-Pat Booker Location until the Plaintiffs quit.

22. Defendant Julio C. Castellanos was an employer of each of the Plaintiffs, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), from the time that Castellan Corporation acquired the Tia's Taco Hut-Pat Booker Location until Plaintiffs quit.

23. During at least some of the relevant time period, each of the Defendants has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

24. During all times relevant to this action, the restaurant at the Pat Booker Location where Plaintiffs were employed was advertised as Tia's Taco Hut.

25. Although separate entities, BC-Pat Booker, Inc., BC & LC Investments, Inc., and Tia's Taco Hut Inc. have collectively operated a chain of restaurants doing business as Tia's Taco Hut, with at least three active locations active during the relevant time period, including but not limited to the Pat Booker Location; 5730 Babcock Road, San Antonio, Texas 78240; and 6820 Huebner Road, Leon Valley, Texas 78238.

26. On March 8, 2016, Alicia Lozano, on behalf of BC-Pat Booker, Inc., filed an assumed name certificate with the Texas Secretary of State for the name "Tia Lisa's Taco Hut" at the Pat Booker Location. This assumed name filing is active to date. Upon information and belief, the location previously did business as Lisa's Taco Hut, and at some point in about 2016 or 2017 it began doing business as Tia's Taco Hut. Alicia Lozano is the President and Director of BC-Pat Booker, Inc.

27. Between November 17, 2014 and July 1, 2019, BC-Pat Booker, Inc. was registered as an active sales taxpayer with the Texas Comptroller's Office in two locations: (1) "BC-Pat Booker, Inc." at the Pat Booker Location; and (2) "Lisa's Taco Hut" at 5730 Babcock Road, San Antonio, Texas 78240. The restaurant located at 5730 Babcock Road is also presently known as Tia's Taco Hut.

28. BC Pat-Booker Inc. has a personal property interest assessed at $19,350.00 by the Bexar County Appraisal District at the Pat Booker Location.

29. On June 15, 2016, Alicia Lozano on behalf of BC & LC Investments, Inc. filed an assumed name certificate with the Texas Secretary of State to assume the name "Tia's Taco Hut." Alicia Lozano is the Director of BC & LC Investments, Inc. On September 9, 2019, BC & LC

Investments, Inc. filed an Abandonment of Assumed Name Certificate with the Texas Secretary of State, abandoning the assumed name of "Tia's Taco Hut." The assumed name "Tia's Taco Hut" currently does not have any active listings with the Texas Secretary of State's Office.

30. Between November 9, 2013 and May 31, 2019, BC & LC Investments, Inc. was registered as an active sales taxpayer with the Texas Comptroller's Office for "Lisa's Taco Hut" at 6820 Huebner Road, San Antonio, Texas 78238.

31. As of March 1, 2019, Tia's Taco Hut Inc. is registered as an active sales taxpayer with the Texas Comptroller's Office for "Tia's Taco Hut" at 6820 Huebner Road, San Antonio, Texas 78238, and for "Tia's Taco Hut" at 5730 Babcock Road, San Antonio, Texas 78240. Alicia Lozano is the Director of Tia's Taco Hut Inc.

32. When Plaintiffs began their employment with Defendants, they understood the owner of Tia's Taco Hut to be Benny Costello. A supervisor told them that he was passing along Benny's instructions to employees.

33. Upon information and belief, during the relevant time period, Benny Costello has had an ownership interest in BC-Pat Booker, Inc., BC & LC Investments, Inc., and Tia's Taco Hut Inc.

34. In approximately February 2019, Julio Castellanos introduced himself to Plaintiffs and other employees as the restaurant's new owner.

35. Defendant Julio C. Castellanos is a managing member of Castellan Corporation.

36. On February 25, 2019, Julio C. Castellanos filed an assumed name certificate with the Bexar County Clerk's Office for Castellan Corporation to assume the name "Benny's Tacos #3" at the Pat Booker Location. This assumed name filing is active to date. As of February 25, 2019, Castellan Corporation is registered as an active sales taxpayer with the Texas Comptroller's Office

for "Benny's Tacos #3" at the Pat Booker Location. Despite these filings, the Pat Booker Location continues doing business as Tia's Taco Hut.

37. Castellan Corporation is also registered as the active sales taxpayer for "Benny's Tacos" located at 1439 Roosevelt Ave., San Antonio, Texas 78210, and "Benny's Tacos #2" located at 5050 Walzem Rd., Windcrest, Texas 78218.

38. During at least some of the relevant time period, Defendant Julio C. Castellanos has had operational control over the Tia's Taco Hut-Pat Booker Location and its employees.

39. Defendant Julio C. Castellanos was at the Tia's Taco Hut-Pat Booker Location on a daily or near-daily basis and closely supervised Plaintiffs' work.

40. Defendant Julio C. Castellanos possessed and exercised the authority to control the employment rules and policies applicable to Plaintiffs, including scheduling, timekeeping, payroll, and disciplinary practices.

41. Defendant Julio C. Castellanos gave Plaintiff Juan Zuñiga a pay raise in approximately March 2019.

42. Defendant Julio C. Castellanos later lowered the hours of each of the Plaintiffs.

43. Upon information and belief, including the sales taxpayer filings referenced above, Defendants BC-Pat Booker, Inc. and BC & LC Investments, Inc. are no longer conducting business and therefore would not be able to provide relief directly by paying any judgment against them. In that event, Plaintiffs plead in the alternative, under the doctrine of successor liability, that Defendants Tia's Taco Hut Inc., and Castellan Corporation are liable for any FLSA violations committed by Defendants BC-Pat Booker, Inc. or BC & LC Investments, Inc.

44. The Tia's Taco Hut-Pat Booker Location has had substantial continuity of business operations since it was acquired by Defendant Castellan Corporation. Castellan Corporation

continued to use the same business name, business model, employees, equipment, and facilities as its predecessor(s).

45. Upon information and belief, the Tia's Taco Hut locations at 6820 Huebner Road and 5730 Babcock Road have had substantial continuity of business operations since they were acquired by Defendant Tia's Taco Hut Inc. Tia's Taco Hut Inc. continued to use the same business name, business model, employees, equipment, and facilities as its predecessor(s).

46. Upon information and belief, Defendant Castellan Corporation had notice of potential liability when it acquired the relevant assets because it had previously acquired multiple restaurants from the predecessors and related entities, making it familiar with their business model and employment practices, and it continued the same FLSA violations in the same manner with regard to the same Plaintiffs.

47. Defendant Tia's Taco Hut Inc. had notice of potential liability when it acquired the relevant assets because it is owned and directed by at least some of the same individuals as its predecessors, including Alicia Lozano and, upon information and belief, Benny Costello.

48. The overall equities support the imposition of successor liability because, otherwise, Plaintiffs would be denied relief and the Defendants would evade responsibility for their illegal pay practices through corporate reorganizations and transfers to new owners with knowledge of the violations.

## FLSA VIOLATIONS

49. Plaintiffs regularly worked more than forty hours per workweek while employed by Defendants.

50. Plaintiffs were not paid one-and-a-half times their regular rates for hours they worked over forty per workweek.

51. Defendants had a practice and policy to pay Plaintiffs only their regular hourly rate for all hours worked, including those hours worked in excess of forty per workweek.

52. This policy of paying Plaintiffs the same hourly rate for all hours worked was maintained after the change in ownership in approximately February 2019.

53. At all times relevant to this action, Defendants knowingly, willfully, or with reckless disregard, carried out this illegal pattern or practice of failing to pay the required overtime compensation due to Plaintiffs.

54. At all times relevant to this action, Defendants failed to maintain complete and accurate records of Plaintiffs' hours of work and compensation as required by the FLSA.

55. All of the actions and omissions alleged in the paragraphs above were undertaken by Defendants either directly or through their agents.

## V.    CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT – OVERTIME

56. The above-described actions of Defendants violated Plaintiffs' right to overtime pay under the FLSA. Plaintiffs are entitled to recover their overtime wages, an equal amount in liquidated damages, attorney's fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

57. Plaintiffs attach hereto their consents to sue. *See* Exhibit A.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant the following relief:

    a.    Declare Defendants in violation of the FLSA;

    b.    Award Plaintiffs their unpaid overtime wages, plus an equal amount in liquidated damages;

    c.    Award Plaintiffs their costs of court;

  d. Award Plaintiffs their attorney's fees;

  e. Award Plaintiffs post-judgment interest; and

  f. Grant such other relief as this Court deems just and proper.

Dated:  December 20, 2019.   Respectfully submitted,

            EQUAL JUSTICE CENTER
            8301 Broadway Street, Suite 309
            San Antonio, Texas 78209
            Phone: (210) 308-6222
            Fax: (210) 308-6223

            <u>/s/ Colleen Mulholland</u>
            Colleen Mulholland
            State Bar No.: 24091765
            Phone: (210) 308-6222 x 101
            Email: cmulholland@equaljusticecenter.org

            Aaron Johnson
            510 S. Congress Ave., Ste. 206
            Austin, Texas 78704
            State Bar No.: 24056961
            Phone: (512) 474-0007 x 104
            Email: ajohnson@equaljusticecenter.org

            COUNSEL FOR PLAINTIFFS